UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jennifer K. Moody,

          Plaintiff,

-V-                                Case No. C-2-05-0880
                                       JUDGE SMITH
                                       Magistrate Judge Kemp

Honda of America Mfg., Inc.,

          Defendant.

OPINION AND ORDER

This matter is before the Court on Defendant Honda of America Mfg., Inc.'s Motion for Summary Judgment on Grounds of Judicial Estoppel (Doc. 21). Plaintiff Jennifer K. Moody has filed her Response in Opposition (Doc. 28) and Defendant has filed its Reply (Doc. 29). Defendant Honda has also filed a Notice of Supplemental Authority in support of its Motion for Summary Judgment which the Court will also consider. This Motion is now ripe for review. Defendant Honda argues that Plaintiff failed to disclose the existence of this lawsuit in her Chapter 13 bankruptcy proceedings, and therefore, her claims should be barred by judicial estoppel. For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment on the Grounds of Judicial Estoppel.

I.    BACKGROUND

Plaintiff Jennifer K. Moody ("Plaintiff" and/or "Moody") was employed as a production associate at Defendant Honda of America Mfg., Inc. ("Defendant" and/or "Honda"). On August 12,

2005, Plaintiff was discharged from her job, according to Honda, for accumulated gross misconduct and for misrepresentation and falsification in violation of Honda's policies. Plaintiff, however, disputes the grounds for her termination.

On September 23, 2005, Plaintiff initiated this case alleging that she was wrongfully discharged by Honda in violation of the Family and Medical Leave Act ("FMLA"), and she is seeking back pay and benefits, and liquidated damages of not less than $250,000, plus reinstatement at her job at Honda or front pay. (Compl. ¶29).

On February 16, 2006, Plaintiff Moody and her husband filed a joint voluntary bankruptcy petition in the United States Bankruptcy Court, Southern District of Ohio. The Bankruptcy Court appointed Frank Pees to act as the Chapter 13 Trustee to administer Plaintiff's bankruptcy petition.

Plaintiff filed her schedule of assets with the Bankruptcy Court on February 16, 2006, but failed to list this lawsuit or any claims against Honda as assets, even though her Complaint in this case values her claims at not less than $250,000. In response to a specific question asking her to identify "other contingent and unliquidated claims of any nature...," Plaintiff answered "NONE." Plaintiff verified the information in her Petition and all of the attachments with her signature, declaring, under penalty of perjury, that her statements were true and accurate. In addition to the aforementioned question, in the Statement of Financial Affairs, Plaintiff was asked to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately proceeding the filing of this bankruptcy case." Plaintiff again responded "NONE." But Plaintiff had in fact filed her Complaint in this case less than five months earlier.

On March 22, 2006, the Bankruptcy Trustee Mr. Pees conducted an oral examination of Plaintiff and her husband pursuant to 11 U.S.C. §341(d). Plaintiff and her husband were questioned

under oath about their financial condition, their Chapter 13 bankruptcy petition, and their proposed Chapter 13 Plan.  Trustee Pees asked Plaintiff during this meeting if the information contained in the bankruptcy petition was true and accurate and Plaintiff responded "Yes, sir."  Plaintiff and her husband were also questioned about their jobs and their income and Plaintiff again did not mention filing a lawsuit against her former employer Honda.

During the course of this litigation, Defendant Honda served interrogatories on Plaintiff which specifically asked her to identify whether she had filed any bankruptcy proceedings.  Plaintiff objected to that interrogatory and refused to answer it.  Based on Plaintiff's filings and testimony in the Bankruptcy Court action, the Bankruptcy Court issued an Order approving Plaintiff's Chapter 13 Plan.

Plaintiff does not dispute the aforementioned facts, but instead asserts that she did not know that lawsuits were assets and were required to be disclosed in bankruptcy court.  Plaintiff further states that she disclosed this lawsuit to her bankruptcy attorney, John Cannizzaro, yet he did not disclose the lawsuit during the bankruptcy proceedings either.  Plaintiff claims that she first became aware of her obligation to disclose this lawsuit to the Bankruptcy court after receiving Honda's Motion for Summary Judgment.  Plaintiff then instructed her bankruptcy attorney to amend her bankruptcy filing to identify or disclose this lawsuit as an asset of her bankruptcy.

## II.    SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).[1] The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the nonmoving

_____

[1] *Reeves* involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment motion under Fed. R. Civ. P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, *Reeves*, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the nonmoving party. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). As such, *Reeves* did not announce a new standard of review for summary judgment motions.

party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses.  *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989).  The court in *Street* identified a number of important principles applicable in new era summary judgment practice.  For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment.  *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'"  *Id.* (*quoting Liberty Lobby*, 477 U.S. at 257).  The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion.  *Id.*  It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'"  *Id.* (*quoting Matsushita*, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Id.* at 1479-80.  That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.  *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

## III.   DISCUSSION

Defendant Honda has moved this Court for summary judgment on the grounds of judicial estoppel.  Defendant asserts, and Plaintiff has not disputed, that she failed to identify her claims against Honda in this case in the bankruptcy proceeding, despite having several opportunities to do so.  Plaintiff asserts that the failure to disclose this case in the bankruptcy proceeding was not intentional, but rather a result of mistake or inadvertence.  As set forth below, the Court finds that Plaintiff's claims against Honda in this case are barred by the principles of judicial estoppel and Defendant Honda's Motion for Summary Judgment is granted.

Judicial estoppel is an equitable doctrine.  The Sixth Circuit Court of Appeals has stated that "[t]he doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (*quoting Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217 (6th Cir. 1990)("The doctrine of judicial estoppel forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'"). Further, judicial estoppel "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Teledyne*, 911 F.2d at 1218.

In the bankruptcy context, the Sixth Circuit has held that "[p]ursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Lewis v. Weyerhaeuser Co.*, 141 Fed. App. 420, 425 (6th Cir. 2005).  The Bankruptcy Code requires debtors to file "a schedule of assets and liabilities, a schedule of current

income and current expenditures, and a statement of the debtor's financial affairs." *See* 11 U.S.C. §521(1); *Lewis*, 141 Fed. Appx. at 424; *see also Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 474 (6th Cir. 1988) ("when a bankruptcy court – which must protect the interests of all creditors – approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position.").

In the case at bar, there is no question that both of the requirements for judicial estoppel are met. There are several different times throughout the bankruptcy proceedings that Plaintiff failed to disclose this lawsuit. She was presented with the opportunity, both orally and in her written responses, and she still failed to disclose this lawsuit. Additionally, Plaintiff was even asked to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately proceeding the filing of this bankruptcy case." Even in response to this question about lawsuits, she again did not inform the bankruptcy court of this pending case. Based on Plaintiff's filings and testimony in the Bankruptcy Court action, the Bankruptcy Court issued an Order approving her Chapter 13 Plan. Therefore, as explained by the Sixth Circuit in Lewis, the Bankruptcy Court, in approving a repayment plan, adopted Plaintiff's position that she does not have any potential causes of action pending that could be an asset. Plaintiff's pursuit of this case is therefore clearly contrary to the position she has maintained in her bankruptcy court proceedings.

Plaintiff, however, argues that her claims should not be barred by the doctrine of judicial estoppel because the failure to disclose this case was a result of inadvertence or mistake. Plaintiff asserts that she was not informed, nor aware, that a lawsuit was an asset and was required to be disclosed to the bankruptcy court. Further, Plaintiff asserts that she was advised in her bankruptcy

proceeding by an attorney. Plaintiff asserts that her bankruptcy attorney was aware of this pending lawsuit but nonetheless did not include the lawsuit as an asset. The fact that Plaintiff was represented by counsel during the bankruptcy proceeding "undercuts any possibility that Plaintiff's omission was due to lack of understanding of the bankruptcy process." *See Wallace v. Johnston Coca-Cola, et al.*, 2007 U.S. Dist. LEXIS 21170 (S.D. Ohio 2007).

The Sixth Circuit has held that "[j]udicial estoppel does not apply where the prior inconsistent position occurred because of 'mistake or inadvertence.'" *Lewis*, 141 Fed. Appx. at 425. An omission may be deemed inadvertent where "the debtor lacks knowledge of the factual basis of the undisclosed claims," or "where the debtor has no motive for concealment." *Browning*, 283 F.3d at 776 (*citing In re Coastal Plains, Inc*., 179 F.3d 197, 210 (5th Cir. 1999).

Even if the Court concludes that Plaintiff's omission was not the result of "mistake or inadvertence," it does not necessarily mean the claims are barred. The Sixth Circuit has held that the "absence of bad faith" is another factor to be considered in determining whether to apply the doctrine of judicial estoppel. *See Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 895 (6th Cir. 2004). The *Eubanks* Court found that the non-disclosure was genuinely inadvertent, noting that the plaintiffs attempted to put the court and the bankruptcy trustee on notice of the potential asset through correspondence, motions, and status conference requests. The Court in *Wallace* distinguished the actions of the plaintiff in that case from *Eubanks* stating that "Plaintiff took no steps to disclose his claims to the bankruptcy court until circumstances forced him to do so." 2007 U.S. Dist. LEXIS at *3.

The Sixth Circuit also addressed the "absence of bad faith" requirement in *Lewis*. The *Lewis* plaintiff made no effort to notify the bankruptcy court of her wrongful termination suit. Instead, she

asserted that she relied on the advice of her bankruptcy attorney's paralegal who told her that she did not need to disclose her claim. The Sixth Circuit, however, rejected that argument and held that she was bound by the errors of her attorney. *See Lewis*, 141 Fed. Appx. at 427.

In this case, the Court finds that Plaintiff's omission was not inadvertent. Plaintiff understood that she had a lawsuit pending against Honda, and understood the claims asserted as such lawsuit could not have been filed without her allegations. Plaintiff also had a motive to conceal her claims against Honda during the Bankruptcy Court proceeding since, as noted in *Lewis*, "it is always in a Chapter 13 petitioner's interest to minimize income and assets." 141 Fed. Appx. at 426.

In addition, Plaintiff denies that she acted in bad faith. Plaintiff also asserts that she amended her Bankruptcy filings as a result of the filing of Defendant's Motion for Summary Judgment. As set forth above, however, the *Wallace* Court did not find the plaintiff's actions to be inadvertent when the plaintiff did not notify the bankruptcy court until "circumstances forced him to do so." 2007 U.S. Dist. LEXIS at *3. That is the same situation the Court is faced with here. Plaintiff Moody did not disclose the existence of this lawsuit to the Bankruptcy Court until she was forced to do so. After such filing was received by this Court, Plaintiff knew it was only a matter of time before the Bankruptcy Court would discover the existence of this lawsuit.

The *Wallace* Court further concluded that since the plaintiff did not voluntarily disclose the lawsuit as a potential asset, but only did when circumstances compelled him, "the record suggests a wilful failure to disclose rather than an inadvertent one." *Id.* at *3. *See also Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary,

-9-

suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.").

In addition, Plaintiff has not explained why she failed to disclose this lawsuit against Honda on the "Statement of Financial Affairs," which specifically asked her to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."  This is an unambiguous question,  and despite Plaintiff's knowledge regarding what constitutes an asset, at the very least, she knew she was a party to a lawsuit and should have disclosed it.  Under the circumstances, Plaintiff's failure to disclose this case is indicative of a deceitful motive.

Based on the aforementioned discussion, the Court concludes that Plaintiff Moody's claims against Honda are barred by the doctrine of judicial estoppel.  Plaintiff's pursuit of these claims is contrary to the position she asserted under oath in prior proceedings in the Bankruptcy Court.  The Bankruptcy Court adopted Plaintiff's position in approving her Chapter 13 plan.  Further, the Court finds that Plaintiff's failure to disclose this case was not the result of mistake or inadvertence, nor does the Court find an "absence of bad faith."  As in *Lewis*, Plaintiff's failure to disclose her claims against Honda was motivated by a desire to defraud and deceive the Bankruptcy Court.  Therefore, it would be inequitable to permit her to proceed any further.

## IV.    CONCLUSION

Based on the aforementioned reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment on the grounds of judicial estoppel.

The Clerk shall remove Doc. 21 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**